# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2010

No. 10-30423
Summary Calendar

Lyle W. Cayce
Clerk

BLACK STALLION ENTERPRISES,

Plaintiff

v.

BAY & OCEAN MARINE TOWING, LIMITED LIABILITY CORPORATION; ET AL,

Defendants

_____

ONEBEACON INSURANCE COMPANY,

Plaintiff - Appellant

v.

BAY & OCEAN MARINE TOWING, LIMITED LIABILITY CORPORATION; BLOCK ONE MARINE, INCORPORATED.,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4504

No. 10-30423

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order granting Defendants' motion to dismiss. Plaintiff's only assignment of error is that the district court failed to properly apply the maritime doctrine of *uberrimae fidei* to the question of coverage. We review a district court's dismissal on the pleadings de novo. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

We note that there is some confusion as to whether the doctrine of *uberrimae fidei* takes precedence over state insurance law and under what circumstances that may occur. *See, e.g., Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.,* 585 F.3d 236, 241-42 (5th Cir. 2009); *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 886-90 (5th Cir. 1991). However, we find no error in the district court's application of Louisiana insurance law under the instant circumstances. First, Plaintiff has failed to distinguish relevant precedent which applied a comparable state insurance law rather than the doctrine of *uberrimae fidei*. *See Albany Ins. Co.*, 585 F.3d at 891-92. Second, Plaintiff has failed to demonstrate how the doctrine is applicable where, as here, the alleged misrepresentation involved a vessel that both parties stipulate was not even covered under the relevant policy.

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.